M.J. 1 (C.A.A.F. 2016), it is ordered that the order issued October 20, 2016, granting review is hereby vacated, and that Appellant's petition for grant of review is denied.

No. 16–0741/AR. U.S. v. Nicholas A. Piszcz. CCA 20140842. On further consideration of the petition for grant of review of the decision of the United States Army Court of Criminal Appeals, it is ordered that the Order of January 13, 2017, denying the petition for grant of review is hereby vacated, and that said petition is hereby granted on the following issues:

I. WHETHER ACCEPTANCE OF APPOINTMENT AS A CMCR JUDGE TERMINATED THE MILITARY COMMISSION OF JUDGE HERRING.

II. WHETHER, AS AN APPOINTED JUDGE OF THE CMCR, JUDGE HERRING DID NOT MEET THE UCMJ DEFINITION OF APPELLATE MILITARY JUDGE.

III. WHETHER THE ASSIGNMENT OF INFERIOR OFFICERS AND PRINCIPAL OFFICERS TO A SINGLE JUDICIAL TRIBUNAL ITSELF VIOLATED THE APPOINTMENTS CLAUSE.

No briefs will be filed under Rule 25.

No. 17–0084/AR. U.S. v. James N. Costigan. CCA 20150052. On consideration of the petition for grant of review of the decision of the United States Army Court of Criminal Appeals, it is ordered that said petition is hereby granted on the following issues:

I. WHETHER, IN A COURT–MARTIAL TRIED BY MILITARY JUDGE ALONE, THE MILITARY JUDGE ABUSED HIS DISCRETION BY GRANTING THE GOVERNMENT'S MOTION TO USE THE CHARGED SEXUAL MISCONDUCT FOR MILITARY RULE OF EVIDENCE 414 PURPOSES TO PROVE PROPENSITY TO COMMIT THE CHARGED SEXUAL MISCONDUCT.

II. WHETHER JUDGE PAULETTE V. BURTON AND JUDGE LARSS G. CELTNIEKS, JUDGES ON THE COURT OF MILITARY COMMISSION REVIEW, WERE STATUTORILY AUTHORIZED TO SIT ON THE ARMY COURT OF CRIMINAL APPEALS, AND EVEN IF THEY WERE STATUTORILY AUTHORIZED TO BE ASSIGNED TO THE ARMY COURT OF CRIMINAL APPEALS, WHETHER THEIR SERVICE ON BOTH COURTS VIOLATED THE APPOINTMENTS CLAUSE GIVEN THEIR NEWLY ATTAINED STATUS AS A SUPERIOR OFFICER.

Briefs will be filed under Rule 25 on Issue I only.

No. 17–0121/AR. U.S. v. Elvis R. Garcia. CCA 20150715. On consideration of the petition for grant of review of the decision of the United States Army Court of Criminal Appeals, it is ordered that said petition is hereby granted on the following issues:

I. WHETHER ACCEPTANCE OF APPOINTMENT AS CMCR JUDGES TERMINATED THE MILITARY COMMISSIONS OF JUDGES CELTNIEKS AND BURTON.

II. WHETHER, AS APPOINTED JUDGES OF THE CMCR, JUDGES BURTON AND CELTNIEKS DID NOT MEET THE UCMJ DEFINITION OF AN APPELLATE MILITARY JUDGE.

III. WHETHER THE ASSIGNMENT OF INFERIOR OFFICERS AND PRINCIPAL OFFICERS TO A SINGLE JUDICIAL TRIBUNAL ITSELF VIOLATED THE APPOINTMENTS CLAUSE.

No briefs will be filed under Rule 25.

No. 16–0599/AR. U.S. v. Jared D. Herrmann. CCA 20131064. In view of the Court's selection of the above-captioned case to be heard as part of Project Outreach at the Claude W. Pettit College of Law at Ohio Northern University on April 5, 2017, and the consent of the parties to the case to be heard on Project Outreach, the Court invites the filing of *amicus curiae* briefs in support of the Appellant and Appellee by eligible law students acting under supervising attorneys. *See* Rules 13A and 26(a)(2), Rules of Practice and Procedure. The briefs shall be filed on or before March 22, 2017.

No. 16–0671/AF. U.S. v. Keanu D.W. Ortiz. CCA 38839. On consideration of the motion filed by the Military Commission Defense Organization for leave to file an *amicus curiae* brief in support of neither party, it is ordered that said motion is hereby granted, and that *amicus curiae* will file a brief on or before January 24, 2017.

Wednesday, January 18, 2017

No. 17–0110/AR. U.S. v. Manuel Rios. CCA 20140971. On consideration of the petition for grant of review of the decision of the United States Army Court of Criminal Appeals, it is ordered that said petition is hereby granted on the following issues:

I. WHETHER ACCEPTANCE OF APPOINTMENT AS A CMCR JUDGE TERMINATED THE MILITARY COMMISSION OF JUDGE HERRING.

II. WHETHER, AS AN APPOINTED JUDGE OF THE CMCR, JUDGE HERRING DID NOT MEET THE UCMJ DEFINITION OF AN APPELLATE MILITARY JUDGE.

III. WHETHER THE ASSIGNMENT OF INFERIOR OFFICERS AND PRINCIPAL OFFICERS TO A SINGLE JUDICIAL TRIBUNAL ITSELF VIOLATED THE APPOINTMENTS CLAUSE.